# In the United States Court of Federal Claims

No. 23-2000

(Filed: February 28, 2024)

```
* * * * * * * * * * * * * * * * *   *
                                    *
GUOXIN XING,                        *
                                    *
                    Plaintiff,      *
                                    *
       v.                           *
                                    *
THE UNITED STATES,                  *
                                    *
                    Defendant.      *
                                    *
* * * * * * * * * * * * * * * * *   *
```

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Guoxin Xing, the self-proclaimed "Founding King of the Great ZS Empire," filed this case on November 13, 2023.  ECF No. 1 at 5.  Although Plaintiff's claims are nearly impossible to decipher, it seems that Plaintiff has a website (bbs.wenxuecity.com) upon which he claims that the Chinese Communist Party (CCP) has perpetrated a "persistent and malicious violation of the First Amendment" by interfering with it.  *Id.* at 8.  He petitions this Court to "immediately arrange for FBI and CIA professional agents to investigate and collect evidence" so that he may "take over all [of the] CCP/[People's Republic of China] as the winner including Seats in the United Nations and various organizations, all state power, military, land, banks, loans, and debts under the totalitarian government."  *Id.* at 10.  Much of the complaint is written in Chinese, *see id.* at 25-65, but in the complaint's cover sheet Plaintiff states that he seeks eighty-eight trillion dollars in compensation, ECF No. 1-1.

The government moved to dismiss on January 10, 2024, for lack of subject matter jurisdiction.  ECF No. 4.  Although Plaintiff was obligated to respond to the government's motion on or before February 12, 2024, he neglected to do so.  While *pro se* litigants are held to "less stringent standards than . . . lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements," *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) (citations omitted).  That burden included responding to the government's motion to dismiss.  As Judge Holte has observed, "[w]hen a plaintiff fails to respond to defendant's motions . . . dismissal is not only appropriate but required to properly administer justice."  *Stollings v. United States*, No. 22-888, 2022 WL 17333395 at *1 (Fed. Cl. Nov. 30, 2022); *accord Whiting v. United States*, 99 Fed. Cl. 13, 17 (2011) ("While dismissal of a claim is a harsh action, especially to a

*pro se* litigant, it is justified when a party fails to pursue litigation diligently and disregards the court's rules . . . ." (citing *Kadin Corp. v. United States*, 782 F.2d 175, 176–77 (Fed. Cir. 1986))). Indeed, Rule 41 of the Rules of the United States Court of Federal Claims ("RCFC") instructs that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion." RCFC 41(b). As Plaintiff failed to respond to the government's motion to dismiss, this Court dismisses the case for his failure to prosecute.

Even if Plaintiff had responded to the government's motion, the claim for relief he stated in his complaint is beyond this Court's jurisdiction. As judges of this Court have reiterated many times, this Court's jurisdiction does not extend to First Amendment claims. *See, e.g.*, *Whittington v. United States*, 166 Fed. Cl. 532, 542 (2023) (stating that "the First . . . Amendment[] to the United States Constitution [does] not obligate the United States to pay money damages and, thus, cannot serve as the basis for jurisdiction in the United States Court of Federal Claims.") (citing *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) ("We agree with the Court of Claims that the first amendment, standing alone, cannot be so interpreted to command the payment of money.")). As the First Amendment is the sole basis for Plaintiff's claims, ECF No. 1 at 2, the Court would have lacked jurisdiction to proceed with this case regardless of Plaintiff's failure to respond to the government's motion to dismiss.

For both of these reasons, Plaintiff's case is **DISMISSED** without prejudice. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Zachary N. Somers
ZACHARY N. SOMERS
Judge